ARTHUR G. NEWTON
Attorney at Law
1502 North Broadway
Santa Ana, California
92706-3907

Telephone:   714-560-8300

Plaintiff - Lorraine Johnson

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

11/28/2023 4:06 PM

By: Priscilla Saldana, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO - SAN BERNARDINO DISTRICT

## CIVIL DIVISION - UNLIMITED JURISDICTION

| | |
|---|---|
| LORRAINE JOHNSON, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL RENE ANGEL,<br>an Individual,<br>DOES 1 THROUGH 100, INCLUSIVE,<br>ROES 1 THROUGH 100, INCLUSIVE,<br><br>Defendants. | Case Number: CIVSB2331015<br><br>**COMPLAINT FOR DAMAGES**<br><br>(1)   Battery<br>(2)   Assault<br>(3)   False Imprisonment<br>(4)   Trespass<br>(5)   Intentional Infliction of Emotional Distress<br>(6)   Negligent Infliction of Emotional Distress<br><br>Action Is An Unlimited Civil Case<br>Damages Exceed $ 25,000.00 |

Plaintiff alleges:

1.   Plaintiff is an individual and is now, and at all times mentioned in this complaint was, a resident of San Bernardino County, California.

2.   Defendant is an individual and is now, and at all times mentioned in this complaint was, a resident of San Bernardino County, California.

//

---

JOHNSON vs. ANGEL - COMPLAINT FOR DAMAGES

ARTHUR G. NEWTON
Attorney at Law
1502 North Broadway
Santa Ana, California
92706-3907

3. Defendants Doe 1 through Doe 100, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to plaintiffs. When their true names and capacities are ascertained, plaintiffs will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by those defendants. Each reference in this complaint to "defendant," "defendants," or a specifically named defendant refers also to all defendants sued under fictitious names.

4. Defendants Roe 1 through Roe 100, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to plaintiffs. When their true names and capacities are ascertained, plaintiffs will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by those defendants. Each reference in this complaint to "defendant," "defendants," or a specifically named defendant refers also to all defendants sued under fictitious names.

5. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the defendants, including all defendants sued under fictitious names, were acting solely in their individual capacities in doing the acts and things hereinafter alleged in this Complaint

**FACTS COMMON TO ALL CAUSES OF ACTION**

6. On or about September 1, 2023 the Defendant and Plaintiff stayed at the Red Rock Hotel and Casino in Las Vegas, Nevada.

7. After dinner, Plaintiff and Defendant returned to their room and the Defendant began questioning Plaintiff about men that she had formerly dated. When the Plaintiff declined to answer the Defendant's inquiries, the Defendant became visibly angry and forcibly knocked a drink out of the Plaintiff's hand. The Plaintiff attempted to leave however, the Defendant convinced Plaintiff to remain, against her better judgment.

ARTHUR G. NEWTON
Attorney at Law
1502 North Broadway
Santa Ana, California
92706-3907

JOHNSON vs. ANGEL - COMPLAINT FOR DAMAGES
- 2 -

8. On or about September 2, 2023 the Defendant and Plaintiff were in the bowling alley area of the Red Rock Hotel and Casino, in Las Vegas Nevada.

9. Without warning, the Defendant forcibly took Plaintiff's cell phone from her hand and began scrolling through her "contacts" and asking questions about any male contact he saw thereon.

10. Once again, Plaintiff declined to answer the Defendant's inquiries and, convinced the Defendant to return her cell phone to her, as the Defendant was making a scene in the public area.

11. On or about September 23, 2023 the Plaintiff and Defendant went to the Yamava Casino in the City of Highland for dinner.

12. As Plaintiff and Defendant were driving back to the Plaintiff's residence, in the Defendant's vehicle, the Defendant began interrogating the Plaintiff about prior relationships with other men.

13. The Plaintiff told the Defendant that Plaintiff believed Defendant was being inappropriate and that Plaintiff did not wish to continue the conversation.

14. The Defendant persisted and, Plaintiff asked the Defendant to pull off the road and let Plaintiff get out of the car.

15. The Defendant initially refused and in fact locked the doors to the car to prevent Plaintiff from exiting the vehicle and, told Plaintiff that she I could not leave and that he had a gun with him, in the vehicle.

16. Plaintiff began to yell and scream, as Plaintiff was terrified, and the Defendant pulled off the road and unlocked the car doors.

17. At this point Plaintiff exited the car and began running toward a nearby Taco stand, with the Defendant chasing Plaintiff.

18. The Defendant grabbed Plaintiff by the breast very hard, leaving a bruise, at which point Plaintiff screamed and yelled that she was calling the police.

19. Upon hearing this the Defendant fled the area in his car.

ARTHUR G. NEWTON
Attorney at Law
1502 North Broadway
Santa Ana, California
92706-3907

JOHNSON vs. ANGEL - COMPLAINT FOR DAMAGES
- 3 -

20. Plaintiff did in fact contact the police and the San Bernardino Sheriff's Department responded to the scene.

21. Plaintiff called a girlfriend who came and picked Plaintiff up and drove Plaintiff to her residence.

22. Upon Plaintiff's arrival at her residence, Plaintiff noticed the side view mirror of her personal vehicle, parked in her driveway, had been broken off and, was advised by her son, Richard, that he had seen the Defendant break the mirror a short time earlier.

23. On or about October 27, 2023 the Plaintiff and Defendant went to dinner at Flemings Steakhouse, in Rancho Cucamonga, California.

24. Upon Plaintiff and Defendant returning to Plaintiff's residence, the Defendant again began inquiring about Plaintiff's previous relationships and, again Plaintiff told Defendant, that she was not going to discuss the subject with him. A verbal altercation ensued and, Plaintiff left the master bedroom and went to sleep on the living room couch.

25. After the Plaintiff was asleep the Defendant awakened Plaintiff by violently shaking her awake and throwing Plaintiff's dog off the couch and across the room.

26. Plaintiff managed to get away and called the police and officers of the San Bernardino County Sheriff's Department responded to Plaintiff's residence.

27. On or about November 9, 2023 the Defendant appeared at the Plaintiff's residence unexpectedly and, parked his vehicle (a work truck) diagonally across Plaintiff's driveway, in such a manner as to block Plaintiff's vehicle in and prevent Plaintiff from leaving in her vehicle.

28. Upon Defendant's entry into Plaintiff's residence the Defendant forcibly grabbed Plaintiff's cell phone from her hand and began scanning her phone reviewing text messages and e-mails from anyone who appeared to be a male and, asking Plaintiff *"whose this?"* repeatedly.

29. The Plaintiff asked the Defendant to give her cell phone back to her but, Defendant refused to do so.

//

//

ARTHUR G. NEWTON
Attorney at Law
1502 North Broadway
Santa Ana, California
92706-3907

JOHNSON vs. ANGEL - COMPLAINT FOR DAMAGES
- 4 -

30. The Defendant, using Plaintiff's cell phone, sent a text message to Plaintiff's employment supervisor saying he was a *"loser"* and signing the message as if it were from the Plaintiff.

31. The Defendant then demanded that Plaintiff leave a voice-mail message for her employment supervisor confirming the text message was from Plaintiff.

32. The Defendant threatened to physically harm the Plaintiff if she did not comply with Defendant's request.

33. The Plaintiff, in fear of her physical safety, attempted to leave but the Defendant blocked Plaintiff's path and would not let her leave leave.

34. The Defendant went into a fit of rage throwing household objects about and, kicking the vacuum cleaner, thereafter slamming the handle of the device through the wall of Plaintiff's home.

35. The Defendant finally departed Plaintiff's residence, as the Defendant exited the Defendant kicked a pumpkin, on the front steps, destroying it and stating, "***If I ever find anything about you and another guy, it's going to go bad for you!***"

### FIRST CAUSE OF ACTION
### BATTERY
### (As to all named Defendants)

36. Plaintiff incorporates herein by reference paragraphs one through thirty-five (1 - 35) of this complaint.

37. The Defendant intended to cause and did cause a harmful contact with defendant's person.

38. Plaintiff did not consent to defendant's act.

39. As a direct and proximate result of defendant's conduct plaintiff suffered bruising and trauma to various parts of her body.

40. Plaintiff has also suffered extreme mental anguish and physical pain.

41. These injuries have caused plaintiff to suffer general damages in an amount yet to be determined, but to be determined by proof at time of trial.

ARTHUR G. NEWTON
Attorney at Law
1502 North Broadway
Santa Ana, California
92706-3907

JOHNSON vs. ANGEL - COMPLAINT FOR DAMAGES
- 5 -

42. As a direct and proximate result of defendant's conduct, Plaintiff was required to obtain medical services and treatment, and will, in the future, be compelled to incur additional obligations for medical treatment in an amount to be determined by proof at trial.

43. As a further direct and proximate result of defendant's conduct, Plaintiff has been, and continues to be, unable to work since the events described in this complaint and has suffered a loss of earnings in an amount which has not yet been determined, but which will be added by amendment when it is ascertained.

44. Defendant's act was done knowingly, willfully, and with malicious intent, and Plaintiff is entitled to punitive and exemplary damages in an amount to be determined by proof at trial, but presently believed to be no less than fifty hundred thousand dollars ($ 50,000.00) in amount.

### SECOND CAUSE OF ACTION
### ASSAULT
### (As to all named Defendants)

45. Plaintiff incorporates by reference paragraphs one to forty-four (1 - 44) inclusive, of this complaint.

46. Plaintiff has also suffered extreme mental anguish and physical pain.

47. Defendant intended to cause and did cause plaintiff to suffer apprehension of an immediate harmful contact.

48. These events and injuries have caused plaintiff to suffer general damages in an amount yet to be determined, but to be determined by proof at time of trial.

49. As a direct and proximate result of defendant's conduct, Plaintiff was required to obtain medical services and treatment, and will, in the future, be compelled to incur additional obligations for medical treatment in an amount to be determined by proof at trial.

50. As a further direct and proximate result of defendant's conduct, Plaintiff has been, and continues to be, unable to work since the events described in this complaint and has suffered a loss of earnings in an amount which has not yet been determined, but which will be added by amendment when it is ascertained.

ARTHUR G. NEWTON
Attorney at Law
1502 North Broadway
Santa Ana, California
92706-3907

JOHNSON vs. ANGEL - COMPLAINT FOR DAMAGES
- 6 -

51. Defendant's act was done knowingly, willfully, and with malicious intent, and Plaintiff is entitled to punitive and exemplary damages in an amount to be determined by proof at trial, but presently believed to be no less than fifty hundred thousand dollars ($ 50,000.00) in amount.

### THIRD CAUSE OF ACTION
### TRESPASS
### (As to all named Defendants)

52. Plaintiff incorporates by reference paragraphs one to fifty-one (1 - 51) inclusive, of this complaint.

53. At all times herein mentioned, Plaintiff owned or, had the right to posses her personal residence and her personal vehicle.

54. The Defendant intentionally the use and possession of her personal residence and her personal vehicle and damaged personal property in Plaintiff's personal residence, as well as, an interior wall of Plaintiff's personal residence and, also caused to Plaintiff's personal vehicle.

55. The Plaintiff did not consent to the actions of the Defendant.

56. The Plaintiff was harmed by the actions of the Defendant.

57. The Defendant's conduct was a substantial factor in causing Plaintiff's harm.

58. These events and injuries have caused plaintiff to suffer general damages in an amount yet to be determined, but to be determined by proof at time of trial.

59. As a direct and proximate result of Defendant's conduct, Plaintiff was required to obtain medical services and treatment, and will, in the future, be compelled to incur additional obligations for medical treatment in an amount to be determined by proof at trial.

60. As a further direct and proximate result of Defendant's conduct, Plaintiff has been, and continues to be, unable to work since the events described in this complaint and has suffered a loss of earnings in an amount which has not yet been determined, but which will be added by amendment when it is ascertained.

//

//

ARTHUR G. NEWTON
Attorney at Law
1302 North Broadway
Santa Ana, California
92706-3907

JOHNSON vs. ANGEL - COMPLAINT FOR DAMAGES
- 7 -

1    61.    Defendant's act was done knowingly, willfully, and with malicious intent, and Plaintiff is entitled to punitive and exemplary damages in an amount to be determined by proof at trial, but presently believed to be no less than fifty hundred thousand dollars ($ 50,000.00) in amount.

## FOURTH CAUSE OF ACTION
## FALSE IMPRISONMENT
### (As to all named Defendants)

62.    Plaintiff incorporates by reference paragraphs one to sixty-one (1 - 61) inclusive, of this complaint.

63.    The Defendant intentionally deprived Plaintiff of her freedom of movement by use of physical barriers, force, threats of force and, unreasonable duress.

64.    The restraint, confinement and, detention compelled Plaintiff to stay or go somewhere for some appreciable time.

65.    The Plaintiff did not knowingly or voluntarily consent.

66.    The Plaintiff was actually harmed by Defendant's conduct and actions.

67.    The Defendant's conduct was a substantial factor in causing Plaintiff's harm.

68.    These events and injuries have caused plaintiff to suffer general damages in an amount yet to be determined, but to be determined by proof at time of trial.

69.    As a direct and proximate result of Defendant's conduct, Plaintiff was required to obtain medical services and treatment, and will, in the future, be compelled to incur additional obligations for medical treatment in an amount to be determined by proof at trial.

70.    As a further direct and proximate result of Defendant's conduct, Plaintiff has been, and continues to be, unable to work since the events described in this complaint and has suffered a loss of earnings in an amount which has not yet been determined, but which will be added by amendment when it is ascertained.

//
//
//

ARTHUR G. NEWTON
Attorney at Law
1502 North Broadway
Santa Ana, California
92706-3907

JOHNSON vs. ANGEL - COMPLAINT FOR DAMAGES
- 8 -

71. Defendant's act was done knowingly, willfully, and with malicious intent, and Plaintiff is entitled to punitive and exemplary damages in an amount to be determined by proof at trial, but presently believed to be no less than fifty hundred thousand dollars ($ 50,000.00) in amount.

### FIFTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (As to all named Defendants)

72. Plaintiff incorporates by reference paragraphs one to seventy-one (1 - 71) inclusive, of this complaint.

73. At all times Defendant knew, or reasonably should have known, that Plaintiff was or would be harmed by the actions of Defendant, and that the Defendant had no justifiable basis to aggressively approach Plaintiff, strike Plaintiff, and cause injury to Plaintiff.

74. As a proximate result of the acts of defendant, plaintiff suffered severe emotional distress, in the form of fear, nervousness, anxiety, worry, and indignity.

75. The actions of defendant were outrageous, intentional, and malicious, and done with reckless disregard of the fact that he would certainly cause plaintiff to suffer severe emotional and physical distress.

76. The Defendant's conduct was a substantial factor in causing Plaintiff's harm.

77. These events and injuries have caused Plaintiff to suffer general damages in an amount yet to be determined, but to be determined by proof at time of trial.

78. As a direct and proximate result of Defendant's conduct, Plaintiff was required to obtain medical services and treatment, and will, in the future, be compelled to incur additional obligations for medical treatment in an amount to be determined by proof at trial.

79. As a further direct and proximate result of Defendant's conduct, Plaintiff has been, and continues to be, unable to work since the events described in this complaint and has suffered a loss of earnings in an amount which has not yet been determined, but which will be added by amendment when it is ascertained.

//

ARTHUR G. NEWTON
Attorney at Law
1502 North Broadway
Santa Ana, California
92706-3907

JOHNSON vs. ANGEL - COMPLAINT FOR DAMAGES
- 9 -

80. Defendant's act was done knowingly, willfully, and with malicious intent, and Plaintiff is entitled to punitive and exemplary damages in an amount to be determined by proof at trial, but presently believed to be no less than fifty hundred thousand dollars ($ 50,000.00) in amount.

### SIXTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (As to all named Defendants)

81. Plaintiff incorporates by reference, paragraphs one through eighty (1 - 80), inclusive of this complaint.

82. Defendant knew, or should have known, that their failure to exercise due care in his actions would cause plaintiff severe emotional distress.

83. Defendant's failure to adequately control his actions was the proximate cause of severe emotional distress upon the plaintiff.

84. As a proximate result of Defendants' negligent failures to adequately control his actions, plaintiff has suffered and continues to suffer severe emotional distress and disturbance.

85. As a further proximate result of the acts alleged above, plaintiff was required to and did employ physicians and surgeons to examine, treat, and care for him, and incurred additional medical expenses for hospital bills (and other incidental medical expenses). Plaintiff is informed and believes and thereon alleges that she will incur some additional medical expenses, the exact amount of which is unknown.

**WHEREFORE**, plaintiff demands judgment against defendant, as follows:

### As To The First Cause Of Action

1. General damages according to proof;
2. Special damages according to proof;
3. Punitive damages in an amount of no less than fifty thousand dollars ($ 50,000.00);
4. Costs of suit, including attorney fees; and
5. Such other and further relief as this court may deem just and proper.

ARTHUR G. NEWTON
Attorney at Law
1502 North Broadway
Santa Ana, California
92706-3907

JOHNSON vs. ANGEL - COMPLAINT FOR DAMAGES
- 10 -

**As To The Second Cause Of Action**

6. General damages according to proof;
7. Special damages according to proof;
8. Punitive damages in an amount of no less than fifty thousand dollars ($ 50,000.00);
9. Costs of suit, including attorney fees; and
10. Such other and further relief as this court may deem just and proper.

**As To The Third Cause Of Action**

11. General damages according to proof;
12. Special damages according to proof;
13. Punitive damages in an amount of no less than fifty thousand dollars ($ 50,000.00);
14. Costs of suit, including attorney fees; and
15. Such other and further relief as this court may deem just and proper.

**As To The Fourth Cause Of Action**

16. General damages according to proof;
17. Special damages according to proof;
18. Punitive damages in an amount of no less than fifty thousand dollars ($ 50,000.00);
19. Costs of suit, including attorney fees; and
20. Such other and further relief as this court may deem just and proper.

**As to the Fifth Cause of Action**

21. General damages according to proof;
22. Special damages according to proof;
23. Punitive damages in an amount of no less than fifty thousand dollars ($ 50,000.00);
24. Costs of suit, including attorney fees; and

ARTHUR G. NEWTON
Attorney at Law
1802 North Broadway
Santa Ana, California
92706-3907

25. Such other and further relief as this court may deem just and proper.

### As to the Sixth Cause of Action

26. General damages according to proof;

27. Special damages according to proof;

28. Costs of suit, including attorney fees; and

29. Such other and further relief as this court may deem just and proper.

### As To All Causes Of Action

30. General damages according to proof;

31. Special damages according to proof;

32. Punitive damages in an amount of no less than fifty thousand dollars ($ 50,000.00);

33. Costs of suit, including attorney fees; and

34. Such other and further relief as this court may deem just and proper.

Dated: November 28, 2023

_____
ARTHUR G. NEWTON
Attorney for Plaintiff

ARTHUR G. NEWTON
Attorney at Law
1502 North Broadway
Santa Ana, California
92706-3907