1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LORRAINE JOHNSON, | No. 5:24-cv-00877-JAK-PD |
| Plaintiff, | **ORDER TO SHOW CAUSE RE: SUBJECT-MATTER JURISDICTION** |
| v. | |
| MICHAEL RENE ANGEL, et al., | |
| Defendants. | |

On November 8, 2023, Lorraine Johnson ("Plaintiff" or "Johnson") brought this action against Michael Rene Angel ("Defendant" or "Angel), Does 1-100, and Roes 1-100, in the Superior Court of California for the County of San Bernardino. Dkt. 1 The Complaint alleged claims arising from a personal relationship between the parties. *Id*. at 7–18. The Complaint advanced six causes of action based on California law: (1) battery; (2) assault; (3) trespass; (4) false imprisonment; (5) intentional infliction of emotional distress; and (6) negligent infliction of emotional distress. On April 24, 2024, Defendant filed a notice of removal on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441. Dkt. 1 at 1–2. On July 29, 2025, an Order issued striking Defendant's Answer for failure to comply with certain orders with respect to participating in the litigation, and directing the Clerk to enter the default of Defendant. Dkt. 39. Defendant's default

1

1    was entered by the Clerk on July 30, 2025. Dkt. 40. On August 18, 2025, Plaintiffs filed

2    a Motion for Default Judgment. Dkt. 43.

3         Defendant's notice of removal states that diversity jurisdiction is satisfied because,

4    "at the time of the commencement of this action and at all times since," Plaintiff resided

5    in California and Defendant resided in Nevada. *Id.* at 2. However, the Complaint in this

6    matter alleges that, at the time of filing of the Complaint, both Plaintiff and Defendant

7    resided in San Bernardino County, California. Dkt. 1 at 7.

8         The parties raised this dispute in a June 7, 2024 Joint Report. Dkt. 10 at 2 (stating

9    Plaintiff's position that Defendant resided in California at the time of filing, and

10   Defendant's position that Plaintiff's allegations as to Defendant's residence at the time

11   of filing were "erroneous[]"). Given this dispute, Defendant was ordered to show cause

12   on or before July 1, 2024 why this action should not be remanded for lack of subject-

13   matter jurisdiction. Dkt. 12 at 1. That order required Defendant to provide a declaration

14   and evidence that Defendant "is a citizen of Nevada, and was one at the time this action

15   was commenced and at the time of removal." *Id.* Defendant had not filed a response

16   either prior to the entry of his default or thereafter.

17        "Diversity removal requires complete diversity, meaning that each plaintiff must

18   be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by &*

19   *through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519

20   U.S. 61, 68 (1996)). In the Ninth Circuit, complete diversity "is determined (and must

21   exist) as of the time the complaint is filed *and* removal is effected." *Strotek Corp. v. Air*

22   *Transp. Ass'n of Am.*, 300 F.3d 1129, 1131–32 (9th Cir. 2002) (emphasis added) (citing

23   *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d

24   1376, 1380 (9th Cir. 1988) (diversity is determined by citizenship of parties as of filing

25   of the original complaint); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir.

26   1998) (diversity must exist when action is removed)); *see also Spekulation Orphan*

27   *Relief Tr. v. NewRez, LLC*, No. 23-3484, 2025 WL 2028306, at *1 (9th Cir. July 21,

28                                              2

2025) (same); *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 573 (2004)
("[T]he jurisdiction of the court depends upon the state of things at the time of the action
brought."); *Gallo v. Unknown No. of Identity Thieves*, 254 F. Supp. 3d 1096, 1100 (N.D.
Cal. 2017) (diversity must be assessed at the time of filing and time of removal). Courts
have an obligation to consider subject-matter jurisdiction *sua sponte*. *United States v.
Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021).

According to the allegations in the Complaint, there was no diversity of
citizenship when it was filed. It alleges that both parties were then citizens of California.
Moreover, Plaintiff subsequently represented both that she is a citizen of California, and
that, when Plaintiff "initially filed suit," Defendant was a "California resident . . . ." Dkt.
10 at 2. As noted, Defendant's notice of removal stated that he was a citizen of Nevada
both at the time of filing and at the time of removal, which would have satisfied diversity
of citizenship. As also noted, this dispute resulted in the issuance of an Order to Show
Cause as to jurisdiction. Dkt. 12. Although directed to make a filing sufficient to show
diversity jurisdiction at the time of filing of the action, Defendant never did so.

This ongoing issue as to subject matter jurisdiction must be resolved forthwith, in
light of the pending motion for default judgment and the obligation of the Court to
ensure that there is jurisdiction over the pending action. Accordingly Plaintiff is
**ORDERED TO SHOW CAUSE** why this action should not be remanded to the
Superior Court for lack of subject-matter jurisdiction. Plaintiff shall file a response to
this Order to Show Cause, not to exceed ten pages, on or before September 3, 2025. If
Plaintiff then asserts that there was diversity jurisdiction at the time of filing and at the
time of removal, she shall provide evidence as to the basis for that position, as well as an
explanation as to why she previously asserted in this action that there was no diversity
jurisdiction at the time of filing. The Defendant may file a response not to exceed ten
pages, on or before September 10, 2025. As of that date, whether or not Defendant has

3

made any responsive filing, based on a review of the filing(s), the matter will be taken under submission or set for a hearing.


**IT IS SO ORDERED.**


Dated:  August 26, 2025

_____

John A. Kronstadt
United States District Judge

4