**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LORRAINE JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL RENE ANGEL, et al., <br><br> Defendants. | No. 5:24-cv-00877-JAK (PDx) <br><br> **ORDER TO SHOW CAUSE (DKT. 44)** |

## I. INTRODUCTION

On November 8, 2023, Lorraine Johnson ("Plaintiff") brought this action against Michael Rene Angel ("Defendant"), Does 1-100, and Roes 1-100, in the San Bernardino Superior Court. Dkt. 1. The Complaint alleged claims arising from a personal relationship between the parties. *Id*. at 7–18. The Complaint advanced six causes of action arising under California law: (1) battery; (2) assault; (3) trespass; (4) false imprisonment; (5) intentional infliction of emotional distress; and (6) negligent infliction of emotional distress. On April 24, 2024, Defendant filed a Notice of Removal on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441. Dkt. 1 at 1–2. On July 29, 2025, an Order issued striking Defendant's Answer for failure to comply with certain orders with respect to participating in the litigation, and directing the Clerk to enter the

1

1  default of Defendant. Dkt. 39. Defendant's default was entered by the Clerk on July 30,
2  2025. Dkt. 40. On August 18, 2025, Plaintiff filed a Motion for Default Judgment. Dkt.
3  43.
4          Defendant's Notice of Removal states that diversity jurisdiction is satisfied
5  because, "at the time of the commencement of this action and at all times since,"
6  Plaintiff resided in California and Defendant resided in Nevada. *Id.* at 2. However, the
7  Complaint in this matter alleges that, at the time of filing of the Complaint, both Plaintiff
8  and Defendant resided in San Bernardino County, California. Dkt. 1 at 7.
9          The parties raised this dispute in a June 7, 2024 Joint Report. Dkt. 10 at 2 (stating
10 Plaintiff's position that Defendant resided in California at the time of filing of the
11 Complaint, and Defendant's position that Plaintiff's allegations as to Defendant's
12 residence at the time of filing were "erroneous[]"). Given this dispute, Defendant was
13 ordered to show cause on or before July 1, 2024 why this action should not be remanded
14 for lack of subject-matter jurisdiction. Dkt. 12 at 1. That order required Defendant to
15 provide a declaration and evidence that Defendant "is a citizen of Nevada, and was one
16 at the time this action was commenced and at the time of removal." *Id.* Defendant did
17 not file the required response before the entry of his default, and has not done so since
18 then.
19         Because subject-matter jurisdiction remained an open issue in light of Defendant's
20 failure to respond to the aforementioned order, on August 26, 2025, an Order to Show
21 Cause (the "OSC" (Dkt. 44)) issued directing Plaintiff to show cause why this action
22 should not be remanded to the Superior Court for lack of subject-matter jurisdiction. It
23 called for Plaintiff to present evidence to support the position that Defendant was a
24 citizen of Nevada -- not California -- both when the Complaint was filed, and when the
25 action was removed. On August 30, 2025, Plaintiff filed a response to the OSC (the
26 "Response" (Dkt. 45)), which included a declaration from Plaintiff.
27
28                                              2

The Response states that Plaintiff and Defendant had a "co-habitating living arrangement" in Plaintiff's residence in California, until November 13, 2023. Dkt. 45 at 2. On November 13, 2023, Plaintiff filed a request for a domestic violence restraining order ("DVRO") against Defendant in the San Bernardino Superior Court. *Id.* Following the filing of the DVRO, Defendant left Plaintiff's residence and "took up residence at an unknown location." *Id.* This action was filed approximately two weeks later, on November 28, 2023. Until March 28, 2024, Defendant had made in-person appearances in the DVRO action that was pending in the San Bernardino Superior Court. *Id.*

Plaintiff also declares that, when this action was filed on November 28, 2023, she believed that Defendant continued to reside in Southern California. Dkt. 45 at 6 ¶ 7. Further, Plaintiff declares that, at unspecified times prior to the filing of this action, she and Defendant discussed his planned relocation to San Bernardino County, that Defendant stated that he wished to relocate there from his former place of residence in Las Vegas and that he was actively pursuing employment opportunities in Southern California. *Id.* ¶ 8.

Plaintiff also declares that she learned that Defendant had relocated to his "former place of residence" in Las Vegas when the Notice of Removal was filed on April 24, 2024. *Id.* ¶ 9. Plaintiff states that the basis for her belief as to Defendant residing in Nevada were representations made by Defendant in the Notice of Removal, the June 7, 2024 Joint Report, and the docket in this matter, which lists Defendant's address as in Las Vegas. *Id.* at 7 ¶ 13.

## II.  **LEGAL STANDARDS**

Before a court may enter a default judgment, it must determine that it has subject-matter jurisdiction over the action. See *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (where default judgment is sought, court has "affirmative duty to look into its jurisdiction over both the subject matter and the parties").

        In a case that has been removed based on a claim of diversity jurisdiction, the removal statute is "construe[d]" strictly against jurisdiction such that jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). In the Ninth Circuit, complete diversity "is determined (and must exist) as of the time the complaint is filed *and* removal is effected." *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131–32 (9th Cir. 2002) (emphasis added) (citing *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (diversity is determined by citizenship of parties as of filing of the original complaint); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (diversity must exist when action is removed)); *see also Spekulation Orphan Relief Tr. v. NewRez, LLC*, No. 23-3484, 2025 WL 2028306, at *1 (9th Cir. July 21, 2025) (same); *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 573 (2004) ("[T]he jurisdiction of the court depends upon the state of things at the time of the action brought."); *Gallo v. Unknown No. of Identity Thieves*, 254 F. Supp. 3d 1096, 1100 (N.D. Cal. 2017) (diversity must be assessed at the time of filing and time of removal).

        An individual is a citizen of the state where he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is his or her permanent home, which is where he or she resides with the intention to remain or to which he or she intends to return. *Id.* (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)).

### III. ANALYSIS

Although there is sufficient evidence to show that Plaintiff and Defendant were of diverse citizenship when this action was removed from the San Bernardino Superior Court, the Response does not proffer sufficient evidence to dispel "doubt" as to the citizenship of the parties at the time this action was filed. *Gaus*, 980 F.2d at 566.

Plaintiff declares that the parties lived together in California just two weeks before this action was filed, which supports a reasonable inference that Defendant was domiciled in California at the time of filing. The present evidence that may be deemed to rebut that inference includes Plaintiff's Declaration. She declares that she "mistakenly" alleged that Defendant was a California resident at the time of filing of the action. However, the only proffered basis for Plaintiff's "mistake" are the representations made on behalf of Defendant in unsworn pleadings. This alone is not a sufficient basis to establish Defendant's citizenship and corresponding subject-matter jurisdiction. *See, e.g., Alves v. Player's Edge, Inc.*, No. 05-1654, 2006 WL 8455520, at *7 (S.D. Cal. July 19, 2006) ("Allegations in a lawyer's brief or legal memorandum are insufficient, even under the relatively relaxed prima facie standard, to establish jurisdictional facts.").

Further, even if Defendant had moved from California to Nevada between the time that he stopped living with Plaintiff at her residence and the time of filing, that does not *per se* demonstrate that diversity of citizenship was satisfied when this case was filed. *See Kanter*, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there . . . ."). Plaintiff declares that, at certain unspecified times, Defendant stated that he wished to relocate to San Bernardino from his former place of residence in Las Vegas and was actively pursuing employment opportunities in Southern California. Dkt. 45 at 6 ¶ 8. These statements could support the inference that Defendant did not intend to remain in Nevada, even if he was there when this action was filed. *Elhania v. Airbnb*, Inc., No. 23-cv-01376-JSW, 2023 WL 3510378, at *2 (N.D. Cal. May 16, 2023) ("The intent to remain is the critical inquiry."). If Defendant lacked an intent to remain in

5

Nevada at the time this action was filed, he would be deemed to have been domiciled in the last state in which he resided with the intent to remain, *i.e.*, California. *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).

### IV.   CONCLUSION

In light of the foregoing, there is not sufficient evidence to show diversity jurisdiction, *i.e.*, that Defendant was domiciled in Nevada both when this action was filed, and when it was removed. Accordingly, because Plaintiff contends that there is such jurisdiction, she is provided a final opportunity to present sufficient evidence to support that finding. Therefore, Plaintiff is **ORDERED TO SHOW CAUSE** why this action should not be remanded to the San Bernardino Superior Court due to a lack of subject-matter jurisdiction.

Plaintiff shall file any response to this Order, not to exceed ten pages, within 10 days of its issuance that addresses the issues raised, and proffers any additional evidence to support Plaintiff's claim of diversity jurisdiction. Such evidence may include Defendant's driver's license, employment records, other documents that connect him to an address in Nevada at the relevant times, property records, other similar material, or a declaration from a non-party to this action as to his domicile at the relevant times. If Plaintiff has not been able to gather such evidence within that time period, the response shall state what efforts are being undertaken, including any request for the issuance of a subpoena, and the expected date by which they will be completed.

Within 10 days of the issuance of this Order, Defendant's former counsel, Louis V. Kosnett, shall file a declaration setting forth the basis for the statements made in the Notice of Removal and the June 7, 2024 Joint Report as to the citizenship of the Defendant at the time of filing; provided, however, this does not preclude his assertion of the attorney-client privilege as to some or all of such information.

Defendant may also file a response to this Order to Show Cause, not to exceed ten pages, within 10 days of its issuance.

After the deadline for such filings, the Order to Show Cause will be taken under submission, and a written order will issue.

**IT IS SO ORDERED.**

Dated: September 03, 2025

                                            John A. Kronstadt
                                            United States District Judge

7